317 S.E.2d 499

**STATE of West Virginia**

v.

**Donald CLAYTON, Jr.**

No. 16028.

Supreme Court of Appeals of
West Virginia.

March 2, 1984.

Concurring Opinion June 19, 1984.

Askin, Pill, Scales & Burke, Martinsburg,
for appellant.

S. Clark Woodroe, Asst. Atty. Gen.,
Charleston, for appellee.

HARSHBARGER, Justice:

Donald Clayton was convicted of voluntary manslaughter by a Jefferson County petit jury on March 30, 1982, then was sentenced to one to five years in the penitentiary by a judge who recommended that he serve all five years.

Two aspects of this case have been here before, and we have written on them. The

facts are in *State v. Clayton*, 166 W.Va. 782, 277 S.E.2d 619 (1981), and we need not repeat them. We remanded the first *Clayton* for a new trial because there was insufficient evidence to support a verdict of first or second degree murder, and there should not have been instructions on those degrees of murder. On remand, the trial court committed the same error.*

Prior to this retrial the State informed Clayton that it was not seeking a second degree murder conviction, and the prosecutor told the jury that in his opening statement. The judge also told the defendant that he could be convicted of no more than voluntary manslaughter. Yet the judge included in his jury charge an instruction that permitted it to find a verdict of second degree murder, and an instruction about inferring malice from the unjustified use of a deadly weapon. The prosecutor argued malice and asked the jury in his closing to return a second degree murder conviction.

Our previous decision in this case was precise:

> While the jury was properly instructed on self-defense ... it should not have been instructed on either first or second degree murder since there was no proof of malice. *State v. Clayton, supra*, 166 W.Va. at 788, 277 S.E.2d, at 623 (footnote omitted).

That finding by this Court that there was no proof of malice in the State's case against Clayton bound the trial court to give no instruction greater than voluntary manslaughter. This circumstance is distinguishable from *State v. Cobb*, 166 W.Va. 65, 272 S.E.2d 467 (1980). In *Cobb* the evidence would have supported instructions on higher degrees of homicide. We determined in Syllabus Point 3 of *Cobb*, that if a defendant's original conviction was reversed, "proper procedure upon retrial is to submit the case to the jury under proper instructions for every degree of homicide *which the evidence supports.*" (Emphasis supplied.) *Accord, State v. Gwinn*, 169 W.Va. 456, 288 S.E.2d 533 (1982). We found in *Clayton I, supra*, that *as a matter of law* the evidence did not

support a finding of malice, and first or second degree murder instructions were reversible error.

*State v. Brant*, 162 W.Va. 762, 252 S.E.2d 901 (1979), presciently anticipated this problem. We found in *Brant* that the evidence would not support a finding of malice and reversed Brant's conviction, and wrote in Footnote 2, page 904: "on retrial the State cannot attempt proof of malice to justify a conviction of first or second degree murder since that would be unconstitutional double jeopardy." Because there was no malice, as we said in *Clayton I*, a murder instruction was unwarranted, and the prosecutor should not have discussed malice with the jury and told them that the State was asking for a second degree murder verdict.

The State posits that even if the murder instructions were wrong, there was no prejudice and the mistake was harmless. In *State v. Schaefer*, 170 W.Va. 649, 295 S.E.2d 814, 819 (1982), we stated that giving an instruction on a higher degree of a crime, even if unsupported by the evidence, is not reversible error if the jury returns a lower verdict. *Schaefer* is distinguishable because there the instructions were not given at a retrial after this court had determined that giving any murder (and malice) instructions required reversal. And there were no potential double jeopardy problems in *Schaefer's* instructions.

This case reeks with violation of Clayton's double jeopardy rights. Our findings in *Clayton I* are equivalent to a judgment of acquittal on charges of first and second degree murder. *See* Footnote 10, *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), *on remand*, 576 F.2d 1013 (6th Cir.). The State was prohibited from trying him for a crime that included malice as one of its elements, it was prohibited from introducing additional evidence on malice, from instructing on it and from arguing it to the jury because Clayton was thereby put in jeopardy for a crime unsupported by the evidence in a previous trial. *Hudson v. Louisiana*, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981);

---

* During the retrial, Clayton's attorney was jailed by the trial court for civil contempt. We ordered his release and wrote *State ex rel. Askin v. Dostert*, 170 W.Va. 562, 295 S.E.2d 271 (1982).

*Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States, supra; State ex rel. Betts v. Scott,* 165 W.Va. 73, 267 S.E.2d 173, 179–180 (1980); *State v. Milam,* 163 W.Va. 752, 260 S.E.2d 295, 303 (1979); *State v. Dobbs,* 163 W.Va. 630, 259 S.E.2d 829, 833 (1979).

The United States Supreme Court explained in *Burks v. United States, supra* 437 U.S., at 16, 98 S.Ct. at 2150, 57 L.Ed.2d at 12–13 (1978):

[A defendant cannot be retried when his] conviction has been overturned due to a failure of proof at trial, in which case the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble. Moreover, such an appellate reversal means that the government's case was so lacking that it should not have even been *submitted* to the jury. Since we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty. (Footnote omitted.)

■ We followed this rule from *Burks, supra* in *State v. Frazier,* 162 W.Va. 602, 252 S.E.2d 39 (1979). Our Syllabus Point 4 emphasizes:

The Double Jeopardy Clause of the Federal and this State's Constitutions forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.

Clayton's conviction must be reversed again because the court and prosecutor violated Clayton's double jeopardy rights by presenting the issues of malice and murder to a second jury.

Reversed.

McHugh, Chief Justice, concurring:

I concur in the result reached in the case now before us. For reasons, however, set forth in my concurrence in *State v. Young,*

173 W.Va. 1, 311 S.E.2d 118, 136 (1983), I take this opportunity to reiterate my disagreement with the holding in *State v. Cobb,* 166 W.Va. 65, 272 S.E.2d 467 (1980). As discussed in my concurrence, I would modify the principles of *State v. Cobb, supra,* and related cases "to clarify that under certain circumstances a harsher penalty may be imposed upon a defendant after conviction at a second trial than was received at the original trial." 173 W.Va. at 18, 311 S.E.2d at 136. I would follow the rationale of the United States Supreme Court in *Chafin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).