## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeff Corra,**
**Plaintiff Below, Petitioner**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0430** (Wood County 10-C-79)

**Ginny Conley,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeff Corra, by counsel Todd W. Reed, appeals the order from the Circuit Court of Wood County granting summary judgment to respondent. Respondent Ginny Conley, former Prosecuting Attorney of Wood County, by counsel Wendy E. Greve and Katie L. Hicklin, filed a response in support of the circuit court's order.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 5, 2006, Morgan Brown, Joshua Tucker, Matthew Humphreys, and Courtney McDonough attended a party at petitioner's house at the invitation of petitioner's daughter. Petitioner contends that he was present during the party, but was outside much of the evening while the party was in the house. Although petitioner's daughter and these four individuals were all under the age of twenty-one, Ms. McDonough consumed about half of a can of beer from petitioner's refrigerator. She also consumed six or seven beers that were purchased with the use of false identification. In the early morning hours of August 6, 2006, the four individuals left the party and were involved in an automobile accident. As a result of the accident, Mr. Tucker and Mr. Humphreys were killed and Ms. Brown was seriously injured. The accident and the resulting investigation led to the criminal charges against Ms. McDonough and petitioner.

On September 15, 2006, petitioner was indicted on nine counts of providing alcohol to persons under the age of twenty-one in violation of West Virginia Code § 60-3-22a(b). Following a jury trial in August of 2007, petitioner was convicted on four of the nine counts in

---

[1]Shaun Francisco, the assistant prosecuting attorney for Wood County; Dave Tennant, Deputy Sheriff of the Wood County; and Bret Pickens, Deputy Sheriff of the Wood County, were also named as defendants in Civil Action No. 10-C-79. However, it appears that petitioner voluntarily dismissed all claims against those defendants prior to filing the instant appeal.

1

that indictment. Petitioner appealed this conviction to this Court, and his conviction was overturned on February 27, 2009. *State v. Corra*, 223 W.Va. 573, 678 S.E.2d 306 (2009).[2] Respondent was the Prosecuting Attorney of Wood County at all times relevant to this action, and she presented the case to a second Wood County grand jury. On January 10, 2007, that grand jury returned a two count indictment against petitioner, charging him with involuntary manslaughter based on the same facts as the prior indictment. Petitioner was never tried on this indictment, and the matter was dismissed by motion of the State.

On February 25, 2010, petitioner filed a pro se complaint against respondent and the other defendants originally named below for their actions in the prosecution of the 2007 indictment. Petitioner complained of wrongful prosecution by Respondent Conley because the indictment for involuntary manslaughter was sought without probable cause.

Respondent and the other defendants below filed their motion for summary judgment on April 23, 2012, and filed a supplemental memorandum of law in support of that motion on May 4, 2012. Petitioner responded to the motion on May 7, 2012, and respondents filed a reply. Defendants' motion for summary judgment was first addressed at a pretrial conference held on June 1, 2012. At that time, counsel for petitioner advised the circuit court that several claims would no longer be pursued. Counsel for petitioner advised the circuit court and counsel for respondents that the only remaining claim was for malicious prosecution with regard to the involuntary manslaughter prosecution. Petitioner asserted that the remaining issue was whether Respondent Conley had probable cause to present the two charges of involuntary manslaughter to the grand jury. He alleged that respondent did not present all relevant information to the grand jury, including the fact that the criminal investigation revealed that Ms. McDonough was not the driver of the vehicle when it left petitioner's property. Instead, petitioner claims that Mr. Tucker, who died as the result of the accident, was the driver at that time. Respondent filed a second supplemental memorandum of law in support of the motion for summary judgment and petitioner replied.

The circuit court granted summary judgment to "defendants," noting that a prosecuting attorney has no obligation to present all exculpatory evidence to a grand jury. The circuit court found that the grand jury "may not have cared who was driving the vehicle at the time it left [petitioner's] residence," particularly in light of Ms. Brown's testimony that all four individuals had been drinking prior to the accident. In related litigation in federal court, *American Modern Home Ins. Co. v. Corra*, 2009 WL 3424226 (S.D.W.Va. October 22, 2009), the District Court for the Southern District of West Virginia found that Ms. McDonough drove the vehicle in order to purchase more alcohol. The district court also noted that Ms. McDonough pled guilty to two counts of driving while under the influence of alcohol causing death and one count of driving under the influence of alcohol causing bodily injury. *Id.* The circuit court noted that the finding

---

[2]In that opinion, this Court held that although Mr. Corra was indicted for "furnishing alcoholic liquor" to persons under the age of twenty-one, he was convicted of a different crime, namely "furnishing nonintoxicating beer." *Corra*, 223 W.Va. at 578, 678 S.E.2d at 311. This Court found that even if the defendant waived, forfeited, or invited the error, the jury verdict had to be reversed because the variation between the indictment and the evidence, along with the jury instruction, destroyed defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury. *Id.* at 582, 678 S.E.2d at 315.

of district court may not be conclusive evidence that Ms. McDonough drove the vehicle when it left petitioner's residence, but it certainly adds weight to the conclusion that there was probable cause to believe that she drove the vehicle. Therefore, the circuit court found that the grand jury had probable cause to believe that she was the driver of the vehicle when it left petitioner's residence and that the grand jury could have found petitioner was "responsible for the deaths because he set up the conditions that lead to the accident, regardless of who drove the vehicle from [petitioner's] house."

"'A circuit court's entry of summary judgment is reviewed *de novo*.' Syllabus point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 1, *Mack-Evans v. Hilltop Healthcare Center, Inc.*, 226 W.Va. 257, 700 S.E.2d 317 (2010).

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. Pt. 3, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995).

Petitioner asserts a single assignment of error: the circuit court erred in granting summary judgment in that a genuine issue of material fact exists wherein respondent, as prosecuting attorney, lacked probable cause to indict petitioner on two counts of involuntary manslaughter given that respondent knew that the chain of causation of the underlying event was broken. Petitioner contends that more than one inference may be drawn from the facts of this case such that a good faith question remains concerning probable cause. Petitioner asserts that respondent was fully aware that when the four individuals left petitioner's property and switched drivers, the link to the events of August 5, 2006, on petitioner's property was severed. Thus, he contends that malice may be inferred by the demonstration of the lack of probable cause underlying the prosecution. He also argues that the alleged break in the chain of causation defeats immunity, as a prosecutor cannot seek an indictment knowing that probable cause is lacking or it is obvious that the charges are not supported by probable cause. In support of this contention, petitioner asserts that respondent's performance of legal research is an administrative or investigatory function, which is not subject to absolute immunity.

We have recognized that,

> [p]rosecutors enjoy absolute immunity from civil liability for prosecutorial functions such as, initiating and pursuing a criminal prosecution, presenting a case at trial, and other conduct that is intricately associated with the judicial process. . . . It has been said that absolute prosecutorial immunity cannot be defeated by showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding. The absolute immunity afforded to prosecutors attaches to the

3

functions they perform, and not merely to the office. Therefore, it has been recognized that a prosecutor is entitled only to qualified immunity when performing actions in an investigatory or administrative capacity.

*Mooney v. Frazier*, 225 W.Va. 358, 370 n.12, 693 S.E.2d 333, 345 n.12 (2010), (quoting Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure,* § 8(c), at 213 (3d ed. 2008) (additional citations omitted)).

> Under our law, "[a] public official, in the performance of official duties imposed upon him by law, is presumed to have done his duty and to have acted in good faith and from proper motives until the contrary is shown." *State v. Professional Realty Co.,* 144 W.Va. 652, 662–663, 110 S.E.2d 616, 623 (1959) (citations omitted). Also, this Court has held that "[t]he legal presumption is that every prosecution for crime is founded upon probable cause and is instituted for the purpose of justice." Syllabus Point 4, in part, *McNair v. Erwin,* 84 W.Va. 250, 99 S.E. 454 (1919).

*Jarvis v. West Virginia State Police*, 227 W.Va. 472, 478 n.6, 711 S.E.2d 542, 548 n.6 (2010). In addition,

> [i]n a claim for retaliatory prosecution in which a plaintiff alleges that he or she was criminally prosecuted in retaliation for exercising a right protected by the state or federal constitution, a grand jury indictment is prima facie evidence of probable cause for the underlying criminal prosecution, and a plaintiff may rebut this evidence by showing that the indictment was procured by fraud, perjury, or falsified evidence.

*Id.* at Syl. Pt. 5.

> In syllabus point seven of *State v. Barker*, 128 W.Va. 744, 38 S.E.2d 346 (1946), we held "[t]he offense of involuntary manslaughter is committed when a person, while engaged in an unlawful act, unintentionally causes the death of another, or where a person engaged in a lawful act, unlawfully causes the death of another."

*State v. McGuire*, 200 W.Va. 823, 832, 490 S.E.2d 912, 921 (1997) (quoting *State v. Hughes,* 197 W.Va. 518, 523, 476 S.E.2d 189, 194 (1996); *State v. Hose*, 187 W.Va. 429, 432, 419 S.E.2d 690, 693 (1992)). At the time that petitioner was indicted for involuntary manslaughter, he had been indicted on nine counts of providing alcohol to persons under the age of twenty-one and was awaiting trial on those charges. Respondent, as part of her official duties as prosecutor, presented the facts to the grand jury. The grand jury returned the two count indictment for involuntary manslaughter. The West Virginia Uniform Traffic Crash Report included in the supplemental appendix shows that the driver of the vehicle at the time of the crash was Ms. McDonough, and it lists Mr. Tucker, Mr. Humphries, and Ms. Brown as the other persons involved. The underage youth consumed the alcohol at petitioner's residence, while supposedly under petitioner's supervision. There is no dispute that the accident was alcohol-related.

Therefore, it is clear to this Court that respondent did not act maliciously in presenting the case to the grand jury or prosecuting the same after the grand jury returned the indictment for involuntary manslaughter. Based on the record before this Court, we find that respondent is entitled to absolute prosecutorial immunity related to petitioner's allegations. Thus, the circuit court did not err in granting summary judgment to respondent.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II