**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Brandon S.,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0395** (Hardy County 2019-C-30)

**Donnie Ames, Superintendent, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Brandon S. appeals the order of the Circuit Court of Hardy County, entered on April 15, 2021, denying his amended petition for a writ of habeas corpus. Mr. S. is serving a sentence of twenty to forty years of incarceration for his plea of guilty to two counts of sexual abuse by a custodian. His conviction was affirmed on direct appeal in *State v. Brandon S.*, No. 18-0606, 2020 WL 1231634 (W. Va. Mar. 13, 2020) (memorandum decision).[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review[2], the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. S. argues that the circuit court erred in denying habeas relief without first conducting an evidentiary hearing to determine whether he was prejudiced by the ineffective assistance of trial counsel. The omission of a hearing is not reversible error on its face, because a circuit court has some discretion, albeit limited, in determining whether circumstances require that it conduct an

---

[1]Mr. S. appears by counsel Jeremy B. Cooper. Respondent State of West Virginia appears by counsel Patrick Morrisey and Mary Beth Niday.

[2]In Syllabus Point 1 of *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006), we explained:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

1

evidentiary hearing. *Gibson v. Dale*, 173 W. Va. 681, 688, 319 S.E.2d 806, 813 (1984). We evaluate the circuit court's discretionary exercise with the following precept.

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 3, *Tex S. v. Pszczolkowski*, 236 W. Va. 245, 778 S.E.2d 694 (2015).

The circuit court was sufficiently acquainted with the circumstances that preceded the entry of Mr. S.'s guilty plea. Mr. S. was indicted in the Circuit Court of Hardy County on one count of obstructing an officer, four counts of incest, four counts of sexual abuse by a custodian, and four counts of third-degree sexual assault. At the pretrial hearing, the State moved to dismiss the indictment after informing the court that eight counts of the indictment reported the site of the crime as Grant (rather than Hardy) County. The assistant prosecuting attorney informed the circuit court that the defect was brought to his attention by petitioner's counsel. The circuit court granted the motion and dismissed the indictment without prejudice. The State reindicted Mr. S. on the same charges in the next term of court. Soon after, Mr. S. agreed to plead guilty to two counts of sexual abuse by a custodian in exchange for the dismissal of the other eleven counts of the indictment and the State's assurance that it would not file a recidivist information.

Mr. S. argues that had his trial counsel stood silent about the defective indictment, there was "a reasonable probability that [he] would have gone to trial under the original indictment rather than accept . . . [the] plea agreement." This suggested "probability[,]" however, disregards extensive jurisprudence explaining that a variance (that is, "[w]hen the evidence at trial differs from the allegations in the indictment") only requires reversal when the variance is prejudicial to the defendant. *State v. Corra*, 223 W. Va. 573, 580, 678 S.E.2d 306, 313 (2009). This Court has held that

> [i]f an indictment alleges that an offense was done in a particular way, the proof must support such charge or there will be a fatal variance. However, if such averment can be omitted without affecting the charge in the indictment against the accused, such allegation may be considered and rejected as surplusage if not material. Syllabus point 8, *State v. Crowder*, 146 W.Va. 810, 123 S.E.2d 42 (1961).

Syl. Pt. 2, *State v. Scarberry*, 187 W. Va. 251, 418 S.E.2d 361 (1992). Further, "[t]he variance between the indictment and the proof is considered material only where the variance misleads the defendant in making his defense and exposes him to the danger of being put in jeopardy again for the same offense." *Id*. at 255-56, 418 S.E.2d at 365-66 (internal quotation and citation omitted).

2

Mr. S. has stated in conclusive fashion that the indictment was defective, but that is where his argument stops. He has not claimed that it was prejudicial to him.[3] He has not argued that the incorrect information in the indictment was material, or fatal. He has cited no legal authority for the proposition that the defect in his indictment could not have been corrected. Having failed to analyze his own circumstances under our legal framework, Mr. S. has failed to persuade us that his counsel was ineffective in acknowledging an apparently clerical error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 30, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] Mr. S.'s counsel's awareness of the reference to the incorrect county suggests that Mr. S. did not suffer the type of surprise that would create prejudice and render a variance material.