## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles L.,**
**Plaintiff Below, Petitioner**

**vs)  No. 17-0824** (Preston County 16-C-166)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Defendant Below, Respondent**

**FILED**

**March 6, 2019**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles L.[1] was convicted of one count of first-degree sexual abuse and one count of sexual abuse by a guardian, custodian, or person in a position of trust. Petitioner was in his early twenties when he committed the crimes. The victim was the nine-year-old half-sister of Petitioner's wife. Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Preston County, West Virginia, and by order entered September 8, 2017, it denied relief. On appeal to this Court, Petitioner raised several assignments of error.[2]

This Court has considered the parties' briefs, their oral arguments, and the record on appeal. Upon review, the Court discerns no substantial question of law and no prejudicial error. Consequently, a memorandum decision affirming the order of the circuit court is the appropriate disposition pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

### I.  Procedural History

The grand jury returned an indictment against Petitioner in 2010, charging him with four felonies:  two counts of first-degree sexual assault in violation of West Virginia Code § 61-8B-3 (2014), and two counts of sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5 (2014). The case against Petitioner proceeded to trial in January 2011. At trial, the victim testified that while Petitioner was babysitting her, she was sitting on his lap watching television and that Petitioner touched her vagina for "[a] couple of minutes maybe;"

---

[1] Consistent with our long-standing practice, we endeavor to protect the identity of the juvenile victim in this sensitive matter by refraining from referring to Petitioner by his surname. *See, e.g., Matter of Jonathan P.*, 182 W.Va. 302, 303 n.1, 387 S.E.2d 537, 538 n.1 (1989).

[2] Petitioner is represented by counsel, Jeremy B. Cooper. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, is represented by counsel, Scott E. Johnson, Assistant Attorney General.

that it happened more than once but she was unable to say exactly how many times; and that "[i]t hurt a little bit." The victim's mother testified that the victim told her about Petitioner's actions.

One of the victim's therapists, psychologist Abigail Leslie, testified that the victim told her that Petitioner touched her in her private parts. She stated that the victim had some physical reactions to the stress caused by the abuse. According to Ms. Leslie, during their counseling sessions, the victim told her that "she was sitting on the couch with – on [Petitioner's] lap and he put his hands down her pants and stuck his hands in her vagina." Another therapist, Rebecca Fiest, testified similarly to Ms. Leslie regarding the victim's disclosure.

Petitioner testified in his own defense. While he denied that he intentionally touched the victim's vagina, he stated that

> [i]f I had any contact with her vagina, it would have been fully clothed. It would have been totally accidentally. While we could have been wrestling around or tickling or horseplaying, there could have been—there was no intentional touching of the vagina, and I explained that to Detective Bryan on every occasion.

The jury convicted Petitioner of one count of first-degree sexual abuse[3] (the lesser-included offense of first-degree sexual assault) and one count of sexual abuse by a custodian. Petitioner was found not guilty of the remaining charges in the indictment. Petitioner's subsequent motion for judgment of acquittal or a new trial was denied.

Prior to sentencing, the State requested the appointment of a special prosecutor due to a conflict. Police were investigating reports from an inmate that Petitioner was attempting to arrange the murder of the prosecuting attorney. The circuit court granted this request, appointed a new prosecuting attorney, and placed documents related to this investigation under seal.[4] Petitioner's trial counsel withdrew due to a conflict, and new counsel was appointed. In light of these events, the circuit court rescheduled the sentencing hearing.

In October 2011, the circuit court sentenced Petitioner to five to twenty-five years of incarceration on the first-degree sexual abuse charge and ten to twenty years on the sexual abuse by a custodian charge. The sentences were ordered to run consecutively. This Court affirmed Petitioner's convictions on direct appeal. *See State v. Charles [L.]*, No. 11-1416, 2013 WL 1501073 (W.Va. Apr. 12, 2013) (memorandum decision).

In 2016, Petitioner, pro se, filed a petition for a writ of habeas corpus. In 2017, the petition was amended upon appointment of counsel.[5] The circuit court conducted an omnibus habeas corpus hearing and denied relief. This appeal followed.

---

[3] *See* W.Va. Code § 61-8B-7.

[4] The State did not file charges against Petitioner following this investigation.

[5] Petitioner asserted the following grounds in the amended petition: (1) denial of the right to a speedy trial; (2) consecutive sentences for the same transaction; (3) suppression of "helpful

## II. Standard of Review

Petitioner raises six assignments of error on appeal. This Court reviews appeals of circuit court orders denying habeas relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong[ed] standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a de novo review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Further, a habeas petitioner bears the burden of establishing that he is entitled to the relief sought. *See Markley v. Coleman*, 215 W.Va. 729, 734, 601 S.E.2d 49, 54 (2004).

## III. Discussion

Petitioner first contends that the jury instruction on first-degree sexual abuse resulted in him being convicted for conduct not charged in the indictment.[6] He argues that the facts underlying his indictment on first-degree sexual assault relate to the victim's report of digital sexual penetration. Petitioner essentially speculates that the jury must have discredited her report of sexual penetration because it did not return a guilty verdict on that charge. Petitioner then claims the only evidence that the jury could have used to support his conviction for the lesser-included offense of first-degree sexual abuse was his testimony wherein he denied any inappropriate sexual contact and explained that his hand may have accidentally grazed the victim's vagina over her clothes during horseplay (not when she was sitting on his lap). The circuit court rejected this argument because the jury instruction and the conviction on the lesser-included offense of first-degree sexual abuse (which only required sexual contact, either through clothing or directly) was consistent with the indictment and supported by the evidence adduced at trial—the victim's testimony. *See* W.Va. Code § 61-8B-7(a)(3).

We concur with the circuit court's reasoning. To prove sexual abuse in the first degree, the State must show that a defendant, at least fourteen years old, subjected a child under the age of twelve to sexual contact. *Id.* The victim (who was nine years old when the crimes occurred and eleven years old at the time of trial) testified that she was sitting in her father's chair in

---

evidence" by the prosecutor; (4) the State's knowing use of perjured testimony; (5) information in presentence report is erroneous; (6) ineffective assistance of counsel; (7) non-disclosure of grand jury minutes; (8) claims concerning the use of informers to convict; (9) constitutional errors in evidentiary rulings; (10) jury instructions; (11) claims of prejudicial statements by the trial judge; (12) claims of prejudicial statements by the prosecutor; (13) sufficiency of the evidence; (14) severer sentence than expected; and (15) excessive sentence.

[6] Petitioner raised this argument below in the context of his ineffective assistance of counsel claim. *See infra* note 9.

Petitioner's lap when Petitioner (who was older than fourteen) touched her vagina. She stated the touch lasted "a couple of minutes maybe" and that this touching made her feel "uncomfortable[,]" and "[a]wkward." This evidence was consistent with the indictment and sufficient to support the conviction.

Petitioner's first argument also lacks merit for a more obvious reason. Had the jury found Petitioner's horseplay explanation credible, it would have found the commission of *no* offense because the mens rea element of the crime would be lacking. *See id.* § 61-8B-1(6) (defining sexual contact as intentional touching "done for the purpose of gratifying the sexual desire of either party.").

Consequently, we reject Petitioner's second assignment of error wherein he makes the related argument that the prosecutor made impermissible comments when referencing Petitioner's horseplay testimony because it "invited the jury to convict based upon conduct separate from that which was charged in the indictment." As already discussed, and contrary to Petitioner's suggestion otherwise, the victim's testimony by itself was consistent with the indictment and sufficient to establish the required elements of first-degree sexual abuse. *See* W.Va. R. Crim. Pro. 31(c) (stating that defendant may be found guilty of an offense necessarily included in the offense charged).[7]

In his third assignment of error, Petitioner complains that the State failed to disclose exculpatory evidence when it did not provide a copy of the results of a medical examination of the victim that Ms. Leslie mentioned while testifying. The circuit court denied relief on this ground because Petitioner did not show that this report (if one actually existed) was favorable to him or how the nondisclosure prejudiced his defense. Thus, Petitioner failed to prove or even plead any of the factors necessary to sustain a finding of a constitutional due process violation.[8] Likewise, we find Petitioner failed to meet his burden on this issue.

As his fourth assignment of error, Petitioner argued ineffective assistance of trial counsel. We have previously held that

---

[7] Petitioner's reliance on *State v. Corra*, 223 W.Va. 573, 678 S.E.2d 306 (2009), is misplaced. In *Corra*, the proof at trial (that the defendant furnished "non-intoxicating beer" to underage persons) was different than what was charged in the indictment (that the defendant provided "alcoholic liquor" to underage persons). In *Corra*, the act of furnishing non-intoxicating beer to minors was *not* a lesser-included offense of furnishing alcoholic liquors to minors. In the instant case, however, first-degree sexual abuse constitutes a lesser-included offense of first-degree sexual assault. And Petitioner did not argue otherwise.

[8] *See* Syl. Pt. 2, *State v. Youngblood*, 221 W.Va. 20, 650 S.E.2d 119 (2007) ("There are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.").

"[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 1, *State v. Frye,* 221 W.Va. 154, 650 S.E.2d 574 (2006). Moreover,

[i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pt. 6, *Miller*, 194 W.Va. at 6-7, 459 S.E.2d at 117-18.

Our review of the record uncovers no error by the circuit court in denying habeas corpus relief to Petitioner based on his numerous claims of ineffective assistance of counsel. Succinctly stated, Petitioner failed to overcome the "strong presumption" that his trial counsel's representation fell "within the wide range of reasonable professional assistance[.]" Syl. Pt. 3, in part, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995). We adopt the findings of the circuit court.[9]

---

[9] The circuit court found that even assuming for the sake of argument that trial counsel's failure to obtain the grand jury transcript was deficient, Petitioner demonstrated no prejudice related to this failure.

The circuit court rejected Petitioner's claim that trial counsel was deficient by failing to use a video of a Domestic Violence Protective Order hearing to impeach the victim's mother. Because the victim's mother testified consistently with the video, this evidence would not have constituted a prior inconsistent statement under either Rule 613 or Rule 801 of the West Virginia Rules of Evidence.

The circuit court found trial counsel's failure to obtain any experts or investigators to assist in Petitioner's defense did not rise to the level of deficient performance. It would be entirely speculative as to whether the victim would have qualified for a taint expert or that a taint expert could have been found who would have testified in a way favorable to Petitioner such that it would have had any effect on the outcome of the trial.

The circuit court held Petitioner failed to prove that counsel's performance—by waiving his speedy trial rights while he was out on bond to obtain discovery and prepare for trial—fell below an objective standard of reasonableness.

Finally, the circuit court rejected Petitioner's argument that trial counsel was deficient by failing to seek a limiting instruction on his horseplay testimony or to object to the alleged

As his fifth assignment of error, Petitioner claimed the circuit court improperly denied habeas counsel access to files held by the special prosecutor related to the investigation of an inmate's report that Petitioner was attempting to arrange the murder of the prosecuting attorney. Petitioner argued that access to these files was necessary to fully litigate his "claims involving the use of informers." Essentially, Petitioner maintained this information may have influenced the sentencing court. The circuit court denied Petitioner's request because the documents were not relevant to any cognizable claim in habeas corpus. It noted that the sentencing court sentenced Petitioner within the statutory limits and stated its reasons for doing so on the record (the victim's age and harm done; Petitioner's failure to accept responsibility, to recognize the problem, or to express a desire to change; and the seriousness of the crimes).[10] We concur with the circuit court's conclusion.

Finally, Petitioner contends that the errors committed in this case were prejudicial when considered cumulatively. We disagree. Because we have found no error, the cumulative error doctrine does not apply. *See State v. Knuckles*, 196 W.Va. 416, 425, 473 S.E.2d 131, 140 (1996) ("Cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.").

## IV. Conclusion

For the reasons set forth above, we affirm the September 8, 2017, order of the Circuit Court of Preston County that denied the petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** March 6, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

variance between the evidence and indictment. It concluded *Corra* was factually distinguishable because first-degree sexual abuse was a lesser-included offense of first-degree sexual assault.

[10] West Virginia Code § 61-8B-7 provides for a sentence of imprisonment for "not less than five nor more than twenty-five years." West Virginia Code § 61-8D-5 provides for a sentence of imprisonment for "not less than ten nor more than twenty years." Additionally, "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does not provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette,* 163 W.Va. 98, 254 S.E.2d 700 (1979).